NO. 07-10-00071-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



JUNE
11, 2010

 



 

CITY OF LUBBOCK, APPELLANT

 

v.

 

LARRY ACKERS, APPELLEE 



 



 

 FROM THE 72ND DISTRICT COURT OF LUBBOCK
COUNTY;

 

NO. 2006-533,594; HONORABLE RUBEN GONZALES REYES, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

 

MEMORANDUM OPINION

 

Appellant,
City of Lubbock, appeals from a Final Judgment declaring a practice of the City
to be unconstitutional and void, finding that the City took appellee’s, Larry Ackers, property in violation of
the Texas Constitution, and awarding Ackers $116,000 in attorney’s fees.  While the trial of this cause was duly
recorded by the Official Court Reporter for the 72nd District Court
of Lubbock County, the reporter has attested that, due to a computer
malfunction, a large portion of the transcript of the trial has been lost.  According to Texas Rule of Appellate
Procedure 34.6(f), an appellant is entitled to a new trial if (1) the appellant
has timely requested a reporter’s record, (2) without the appellant's fault, a
significant portion of the recording has been lost or destroyed or is
inaudible, (3) the lost, destroyed, or inaudible portion of the record is
necessary to the appeal's resolution, and (4) the parties cannot agree on a
replacement for the lost, destroyed, or inaudible portion of the reporter's
record.  See Tex. R. App. P. 34.6(f).  

            On
June 2, 2010, this Court informed the parties of the affidavit received from
the official court reporter and directed appellant to certify whether the lost
or destroyed portion of the reporter’s record is necessary to the appeal’s
resolution and whether the parties have been able to reach an agreement
concerning a replacement for the lost or destroyed portion of the reporter’s
record.  In response, the City filed a
Motion to Remand for New Trial in which it certifies that the lost portions of
the reporter’s record are necessary to the appeal’s resolution and that the
parties are unable to agree on a complete reporter’s record.

            In
view of the circumstances present in this case, we conclude that the elements
of Rule 34.6(f) exist at bar. 
Consequently, we grant the City’s motion, reverse the judgment, and
remand the cause for a new trial.

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice